UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 4:23CR513HEA |
| DENNIS LATOUR, | ) |
| Defendant, | ) |
| CASSANDRA WEATHERS, | ) |
| Petitioner. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the United States' Motion to Dismiss Third Party Petition or in the Alternative, to Permit Discovery, [Doc. No. 196]. Claimant Cassandra Weathers filed a *pro se* Petition asserting a claim to a 2014 Jeep Grand Cherokee. Ms. Weathers did not file an opposition to the Motion. For the reasons set forth below, the Motion to Dismiss will be granted.

**Facts and Background**

Defendant Dennis Latour pleaded guilty to, inter alia, multiple counts of wire fraud, in violation of 18 U.S.C. § 1343. In the Guilty Plea Agreement, Defendant admitted committing an investment fraud scheme between June 2022 and October 2023. Defendant induced victims to provide him money based

on the false promise that Defendant would invest the money in the cannabis industry and false representations about his experience and success with similar investments.

Defendant used the money "to fund his personal lifestyle and to pay for items such as firearms, vehicles, and jet skis." One of the vehicles Defendant paid for using fraud proceeds was a 2014 Jeep Grand Cherokee SRT SUV (VIN: 1C4RJFDJ2EC272419).

As part of the Guilty Plea Agreement, Defendant agreed to forfeit all items in the Superseding Information, which included the Jeep Cherokee. Defendant further admitted all such items were subject to forfeiture as proceeds of his illegal activity.

This Court entered a Preliminary Order of Forfeiture forfeiting the Jeep Cherokee Property, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, as property constituting or derived from proceeds traceable to his investment fraud scheme. Pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1), the United States posted notice of the Preliminary Order of Forfeiture on an official internet government forfeiture site (www.forfeiture.gov) for at least 30 consecutive days beginning on April 23, 2025, and ending on May 22, 2025. Doc. 192. The notice advised all third parties of their right to petition the Court within thirty (30) days of the publication date for a

hearing to adjudicate the validity of their alleged legal interest in the forfeited property. .

On June 24, 2025, Petitioner Cassandra Weathers filed a *pro se* Petition asserting her interest in the Jeep Cherokee. The Petition described how Defendant had fraudulently induced Petitioner to take out a vehicle loan for a different Jeep Grand Cherokee and instead gave Petitioner the subject vehicle. Petitioner subsequently returned the subject vehicle, years before Defendant's investment fraud scheme giving rise to its forfeiture. Petitioner argues that she has an interest in the vehicle because she "took possession of, drove, and was led to believe [she] legally owned" it.

**Legal Standard**

"The procedures in [21 U.S.C. § 853] apply to all stages of a criminal forfeiture proceeding." 28 U.S.C. § 2461(c). Relevant to the instant Petition, the procedures concerning third-party claims to forfeited property are set forth in 21 U.S.C. § 853(n), which states that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States ... may ... petition the court for a hearing to adjudicate the validity of his [or her] alleged interest in the property." 21 U.S.C. § 853(n)(2).

A third-party petition must comply with certain pleading requirements set forth in § 853(n)(3):

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3). "Federal courts require strict compliance with the pleading requirements of § 853(n)(3), primarily because there is a substantial danger of false claims in forfeiture proceedings." *United States v. Burge*, 829 F.Supp.2d 664, 667 (C.D. Ill. 2011) (citing *United States v. Speed Joyeros, S.A.*, 410 F.Supp.2d 121, 124 (E.D.N.Y. 2006); *United States v. Loria*, No. 3:08cr233–2, 2009 WL 3103771, at *2 (W.D.N.C. Sept. 21, 2009)). "Failure to file a petition that satisfies the requirements of § 853(n)(3) is grounds for dismissal without a hearing." *United States v. Pegg*, 2000 WL 34612651, at *2 (M.D. Ga. Nov. 9, 2000).

In addition, a third-party petitioner must have standing to contest the forfeiture. "Standing in forfeiture cases has 'both constitutional and statutory aspects.'" *United States v. Timley*, 507 F.3d 1125, 1129 (8th Cir. 2007) (quoting *United States v. One–Sixth Share of James J. Bulger in All Present & Future Proceeds of Mass Millions Lottery Ticket No. M246233*, 326 F.3d 36, 40 (1st Cir. 2003)) ("Bulger"). To establish constitutional standing, the petitioner "must ... demonstrate an ownership or possessory interest in the [forfeited] property." *Id.* (quoting *Bulger*, 326 F.3d at 41). This is not a difficult standard to meet. See *United States v. 7725 Unity Ave. N.*, 294 F.3d 954, 957 (8th Cir. 2002) ("The

claimant need only show a colorable interest in the property, redressable, at least in part, by a return of the property.")

To establish statutory standing, the petitioner "must have a legal interest." *Timley*, 507 F.3d at 1129. "[T]he term 'legal interest' encompasses only legally protected rights, not equitable rights." *Id*. To determine whether a petitioner has a legal interest, the "court must ... look to the law of the jurisdiction that created the property right to determine whether the claimant has a valid interest." *Id*. at 1129-30; see also *Willis Mgmt.*, 652 F.3d at 242 ("State law determines a petitioner's legal interest in the property at issue."). If the petitioner has a legal interest under state law, federal law controls whether the interest is superior to that of the United States. *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007); see 21 U.S.C. § 853(a)(1) (criminal forfeiture is "irrespective of any provision of State law").

If a third-party petitioner complies with the statutory pleading requirements of 21 U.S.C. § 853(n)(3) and has both constitutional and statutory standing, then the court has the power to conduct an ancillary hearing on the merits of the petitioner's claim. See *Timley*, 507 F.3d at 1130, n.2. To prevail, a petitioner must prove, by a preponderance of the evidence, that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole in or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section[.]

21 U.S.C. § 853(n)(6); see also *White*, 675 F.3d at 1081 ("[The petitioner] must either demonstrate priority of ownership in the forfeited property or establish that she was a bona fide purchaser for value of the property.").

Thus, to prevail, a third-party petitioner must: (1) file a petition that complies with the pleading requirements set forth in 21 U.S.C. § 853(n)(3); (2) have constitutional and statutory standing to contest the forfeiture; and (3) establish either priority of ownership or that the petitioner is a bona fide purchaser for value. If the petitioner satisfies each of these requirements, "the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Fed. R. Crim. P. 32.2(c)(2); accord 21 U.S.C. § 853(n)(6). If the petitioner does not satisfy each requirement, she is not entitled to relief. "The criminal forfeiture statute ... does not shelter all third parties from injury, even if they are innocent of the underlying crime. Rather, the statute offers relief only to those third parties who meet its standing and pleading requirements and whose interests meet a specific set of circumstances." *United States v. Preston*, 123 F.Supp.3d 117, 129 (D.D.C. 2015).

**Discussion**

This is an ancillary proceeding pursuant to Federal Rule of Criminal Procedure 32.2(c) and 21 US.C. § 853(n) to determine the rights of any third parties to property ordered forfeited in this criminal case. The proceeding provides a judicial forum for third parties to contest criminal forfeiture on the ground that the forfeited property belongs to them, and not to the defendant. See, e.g., *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008)(describing the forfeiture process, including the rights of third parties in that process); *United States v. Totaro*, 345 F.3d 989, 993–94 (8th Cir. 2003). This proceeding "is the only avenue by which a third-party claimant may seek to assert an interest in property that has been included in an indictment alleging that the property is subject to forfeiture." *United States v. Puig*, 419 F.3d 700, 703 (8th Cir. 2005).

The Court treats a motion to dismiss the Petition like a motion under Federal Rule of Civil Procedure 12(b). See *United States v. Petters*, 857 F. Supp. 2d 841, 844 (D. Minn. 2012). In ruling on the motion, the Court must accept the allegations in the petition as true. Fed. R. Crim. P. 32.2(c)(1)(A); see also *United States v. White*, 675 F.3d 1073, 1076–77 (8th Cir. 2012). The Court must dismiss the petition if the Government shows that the petitioner is not entitled to relief as a matter of law, that is, where the petition fails to "contain sufficient factual matter ... to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). No hearing is necessary if the court can dispose of the

claim on the pleadings as a matter of law. See *United States v. Dempsey*, 55 F. Supp. 2d 990, 994 (E.D. Mo. 1998).

If the Court determines that a petitioner has no ownership interest in the forfeited property, the government shall have clear and full title to the property. 21 U.S.C. § 853(n)(7). If the Court determines that the petitioner has established a valid ownership interest in the forfeited property, the Court shall amend the forfeiture in accordance with its determination. 21 U.S.C. § 853(n)(6).

The filed Petition fails to sufficiently "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interested in the property, [and] any additional facts supporting the petitioner's claim." 21 U.S.C. § 853(n)(3). Nowhere within the Petition does Petitioner specify the basis for her claim under Section 853(n)(6). See *United States v. Preston,* 123 F. Supp. 3d 117, 126 (D.D.C. 2015), appeal dismissed, 2016 WL 1695327 (D.C. Cir. Apr. 7, 2016) (holding that a petition must allege facts sufficient to state a claim under either 853(n)(6)(A) or (B)); *United States v. Hailey*, 924 F.Supp. 2d 648, 658 (D. Md. 2013) (finding that claim must state the statutory and factual basis for the claim in sufficient detail to allow the court to determine if a motion to dismiss for failure to state a claim should be granted, and that a claim must state if it is made under § 853(n)(6)(A) or (B), and must do more than state that claimant is the owner of the forfeited

property); *United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1090 (D. Utah 2013) (dismissing petition in part because claimant failed to specify if the claim was made under § 853(n)(6)(A) or (B)).

Standing is a threshold issue in all forfeiture cases—without it, a petitioner cannot challenge a forfeiture order. See, e.g., *Timley,* 507 F.3d at 1129. A petitioner has the burden to prove both "constitutional standing" by demonstrating an ownership or possessory interest in the forfeited property, and "statutory standing" by proving that the petitioner has a present legal interest in the forfeited property. *Id.*; see also 21 U.S.C. § 853(n)(2).

The term "legal interest" encompasses only legally protected rights, not equitable rights. *Timley*, 507 F.3d at 1129. In determining whether a petitioner has a "legal interest" sufficient to establish standing, the Court must first look to the law of the jurisdiction that created such interest. *Id*. If a petitioner does not have a legal interest as a matter of law, they do not have standing to contest the forfeiture. *Id*. at 1129; see also *United States v. White*, 675 F.3d 1073, 1077 (8th Cir. 2012).

Here, Petitioner asserts an interest in the Subject Property based on her previous possession of the vehicle and because she "was led to believe I legally owned" it.

The Petition alleges that Petitioner agreed to purchase a Jeep Grand Cherokee from Defendant in 2018, trading in her old car at the same time, and that

she took out a loan with Arsenal Credit Union to finance the purchase. Unbeknownst to Petitioner, rather than provide her with the Jeep Grand Cherokee listed in the buyer's order and loan contract, Defendant gave Petitioner the Subject Property to drive instead. Although Defendant assured her she would receive the title to the vehicle, over a year went by with no title. Because Defendant never provided Petitioner with the title, in August 2020, Petitioner returned the Subject Property to Defendant. In turn, Defendant gave back Petitioner's trade-in vehicle, essentially reversing the transaction. At the same time, Defendant promised to pay off Petitioner's remaining loan balance with Arsenal Credit Union. After Defendant failed to pay off the loan balance as promised,

Petitioner learned that the loan was for a different Jeep Grand Cherokee. She claims she was misled into financing a vehicle she never received. Petitioner claims she remains indebted on a loan tied to a vehicle she never drove. She asserts her interest in the Subject Property because she "is seeking justice for the fraudulent acts committed by" Defendant.

Accepting these allegations as true, as the Petition itself concedes, Petitioner does not have any legal interest in the Subject Property. *United States v. Porchay*, 533 F.3d 704, 709 (8th Cir. 2008) (finding no error in district court holding claimant "could not prevail on the merits" given her "concession that she did not own the property"). That Petitioner was led to believe she had a legal interest in the Subject

Property in no way creates an actual legal interest in the vehicle. Based on the allegations in the Petition, Petitioner never obtained title to the Grand Cherokee Nor did her purchase agreement with Defendant or Arsenal Credit Union loan provide Petitioner with any legal interest in the subject Grand Cherokee. According to the Petition, both documents listed a different Jeep Grand Cherokee. Whatever legal interest, if any, these documents afforded Petitioner, that interest was in different vehicle. Accordingly, Petitioner's claim to the subject Jeep Cherokee based on seeking "justice" for Defendant's "fraudulent acts" not confer standing to challenge forfeiture. See *Timley*, 507 F.3d at 1129.

Likewise, Petitioner's claim of being a victim of Defendant does not create standing. It is well established that a fraud victim does not retain a legal interest in property after voluntarily transferring it to a defendant, even if the victim was fraudulently induced into doing so. See, *e.g., United States v. BCCI Holdings (Lux.), S.A.*, 69 F. Supp. 2d 36, 59 (D.D.C. 1999)

The fact that Petitioner was tricked by Defendant into taking out a car loan and returned the vehicle based on Defendant's false promise to repay the loan does not provide her with legal interest in the vehicle necessary to challenge its forfeiture.

Section 853(n)(3) requires that a petition "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of

[her] acquisition of the right, title, or interest in the property, any additional facts supporting [her] claim, and the relief sought." "These are not 'simply technical requirements but are construed strictly to discourage false or frivolous claims.'" *Preston*, 123 F.Supp.3d at 125 (quoting *United States v. Ceballos–Lepe*, 977 F.Supp.2d 1085, 1088–89 (D. Utah 2013) (citing *United States v. Ginn*, 799 F.Supp.2d 645, 647 (E.D. La. 2010); *Burge*, 829 F.Supp.2d at 667)).

The Court agrees with the United States that the Petition does not satisfy 21 U.S.C. § 853(n)(3) pleading requirements, as to the Jeep Cherokee.

For the foregoing reasons, the Court will dismiss the Petition for failure to meet the pleading requirements of 21 U.S.C. § 853(n)(3), for lack of constitutional standing, and for failure to state a claim. As a result, no hearing is necessary. The United States shall have clear right to the Subject Property listed in Cassandra Weathers' Petition.

Accordingly,

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss Petition, [Doc. No. 196], is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States of America shall have

clear title to the 2014 Jeep Grand Cherokee VIN: 1C4RJFDJ2EC272419.

Dated this 3rd day of October, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE